JUDGE SULLIVAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**14** -x- **CV**   **9393**

INOCENTE NAVA,

Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER JACOB
NEWMAN (A Member of the New York City Police
Department, Shield No. 019914, Tax Number 933090),
POLICE OFFICER JOHN DOES Nos. "1" to "10" (Actual
Names Unknown, intended to be the Police Officers
Assigned to the 46th Precinct on September 1, 2013 Who
Were Engaged in the Arrest of the Plaintiff) and
WILLIAM BRATTON, Commissioner of the New
York City Police Department,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

<u>COMPLAINT</u>
Trial By Jury
Demanded on All Issues

Docket No.



Plaintiff by his attorney, RIMLAND & ASSOCIATES, does state and say for his
Complaint, as follows:

## JURISDICTION

1.  The jurisdiction of this Court is invoked by Plaintiff pursuant to Title 28 of the
    United States Code, Sections 1331, 1343(3) & (4) and 1367.

2.  Venue is properly laid in the Southern District of New York under 28 U.S.C.
    §1391(b), in that the claim arose in this District.

## JURY DEMAND

3.  Plaintiff demands a trial by jury on all issues pursuant to the Seventh Amendment
    to the United States Constitution and Fed. R. Civ. P. 38.

## NATURE OF PROCEEDINGS

4.  This is a proceeding for compensatory and punitive damages owing to the
    Plaintiff as a result of violations of Civil Rights under the Fourth and Fourteenth
    Amendments to the Constitution of the United States and under Federal law,
    particularly Title 42 of the United States Code, Section 1983.

## PARTIES

5.     The Plaintiff, Inocente Nava, is a resident of the County of New York, City and State of New York.

6.     The Plaintiff, Inocente Nava, at all times material hereto, is a person of Latin American descent with dark skin.

7.     a.     Defendant City of New York [hereinafter referred to as "City"] is a Municipal Corporation, duly formed and created pursuant to the laws and statutes of the State of New York.

          b.     At all times material hereto, Defendant City, by its agents, servants and employees, as well as by the New York City Police Department [hereinafter "NYPD"] was responsible for the training and instruction of individuals employed by the NYPD.

          c.     Upon information and belief, Defendant City, by its agents, servants and employees, as well as by and through the NYPD, was responsible for the training and instruction of the individual Defendant Police Officers herein.

8.     That:

          a.     At all times hereinafter mentioned, the individually named Defendant P.O. Jacob Newman was a duly sworn police officers of said department and was acting under the supervision of said department and according to his official duties.

          b.     At all times hereinafter mentioned, the individually named Defendants P.O.s "JOHN DOE" Nos. 1-12, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

9.     Defendant P.O. Jacob Newman, at all times material hereto, is a Police Officer in the employ of Defendant CITY's Police Department and assigned shield number 019914, Tax Number 933090 and assigned to the 46th precinct [hereinafter referred to as "Newman"].

10.     Defendants Police Officers "John Doe Nos. '1' to '10'" (Actual Names Unknown, Members of the New York Police Department, Assigned to the 46th Precinct on September 1, 2013) at all times material, are members of the New York City Police Department on or about September 1, 2013.

11.    Defendant William Bratton is the Commissioner of Defendant Police Department [hereinafter referred to as "Bratton"] and is sued here in his representative capacity as the Commissioner of the .

12.    The Plaintiff has complied with all conditions precedent under New York Law:

    a.    On November 12, 2013, the Plaintiff served and filed a Notice of Claim upon Defendants in full compliance with Section 50-e of the N.Y. General Municipal Law, **Exhibit "A"**;

    b.    Pursuant to a Stipulation dated November 25, 2014, the Municipal Hearing pursuant to Section 50-h of the N.Y. General Municipal Law has been adjourned due to continued pendency of the underlying criminal case, and the Municipal Defendants have consented to permit the Plaintiff to consent the within action provided he appears and attends a Municipal Hearing once the Criminal Case is complete, **Exhibit "B"**; and

    c.    The within action is timely commenced within one-year and 90-days after the happening of the events herein pursuant to Section 50-i of the N.Y. General Municipal Law.

13.    Defendant Police Commissioner William Bratton is and was at all times responsible for the policies, practices and/or customs of the NYPD, a municipal agency of Defendant CITY. He is and was at all times relevant herein, responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of the police officers under his command who are or were employed by the NYPD, including the Defendants named herein. He is sued in his individual and official capacity.

14.    Defendant CITY is responsible, *inter alia*, for the management, administration, conduct and supervision of all personnel employed by the NYPD to protect the safety of the public and the property of the public.

15.    Each and every act of defendants alleged herein were done by defendants, and each of them as individuals, or through their employees, servants and/or agents, under color and authority of the laws, statutes, ordinances, customs and usages of the State of New York and United States of America, and under their offices with the State of New York.

16.    Each and all of the acts of the individual defendants alleged herein were done by said defendants while acting within the scope of their employment by Defendant CITY.

17.   Each and all of the acts of the Defendants alleged herein were done by said Defendants while acting in furtherance of their employment by Defendant CITY.

18.   Hereinafter, Defendants Police Officer Newman and Police Officers "John Does Nos. '1' through '10'" may be collectively referred to as the "Defendant Police Officers."

## BACKGROUND

19.   At all times material hereto, the Plaintiff, Inocente Nava resided at 568 West 93rd Street, New York, New York.

20.   At all times material hereto, at and about 2:14 a.m. on September 1, 2013, Defendant Newman was a Police Officer employed by the City of New York.

21.   At all times material hereto, at and about 2:14 a.m. on September 1, 2013, Defendants John Does Nos. "1" to "10" were Police Officers employed by the City of New York.

22.   Club Palenque maintains a social hall for events at 1880 Carter Avenue in the Bronx, City and State of New York [hereinafter referred to as "Club Palenque"].

23.   On the night of August 31, 2013, a celebration and feast for Saint Rose of Lima was being held at Club Palenque.

24.   Between the hours of 10:00 p.m. on August 31, 2013 and 2:14 a.m. on September 1, 2013, the Plaintiff was lawfully present and attending a feast and celebration of Saint Rose of Lima at Club Palenque.

25.   Between the hours of 10:00 p.m. on August 31, 2013 and 2:14 a.m. on September 1, 2013, the Plaintiff attended the feast and celebration of Saint Rose of Lima at Club Palenque along with his two children, ages 9 and 12.

26.   On September 1, 2013, at and between 1:48 a.m. and 2:14 a.m. on September 1, 2013, while the Plaintiff was lawfully attending to his own business at 1880 Carter Avenue, Bronx, New York, the Defendant Police Officers arrived at the premises.

27.   Upon information and belief, the Defendant Police Officers were allegedly responding to a "911" call concerning an altercation in the street in front of Club Palenque.

28. On September 1, 2013, at and between 1:48 a.m. and 2:14 a.m., the Defendant Police Officers entered the Premises.

29. On September 1, 2013, at approximately 2:14 a.m.,

    a.    Defendant Police Officer Newman and Defendant Police Officer John Doe No. "1" approached the Plaintiff; and,

    b.    Defendant Police Officer Newman ordered the Plaintiff to leave the premises;

30. On September 1, 2013, at approximately 2:14 a.m. the Plaintiff turned and motioned to his two children to come over to him in order for them to leave Club Palenque pursuant to the orders of Defendant Police Office Newman.

31. On September 1, 2013, while the Plaintiff was motioning to his children to come over and leave, Defendant Police Officer Newman assaulted, struck and hit the Plaintiff around his body.

    a.    Defendant Police Officer John Doe "1" joined Defendant Police Officer Newman in striking and otherwise hitting the Plaintiff inside Club Palenque.

    b.    Defendant Police Officers John Doe Nos. "2", "3", "4", "5" and "6" joined Defendant Police Officer Newman and John Doe No. "1" in striking and otherwise hitting the Plaintiff inside Club Palenque.

32. As a result of the aforementioned conduct by the Defendant Police Officers, the Plaintiff was severely injured, sustaining cuts and lacerations.

33. The conduct by Defendant Police Officers against the Plaintiff was committed without reasonable nor probable cause, and was otherwise unreasonably excessive under the attendant circumstances.

34. Defendant Police Officers arrested and handcuffed the Plaintiff after having struck and hit him.

35. Defendant Police Officer's arrested the Plaintiff without reasonable nor probable cause, and was otherwise acting without authorization to do so under law.

36.   After the Defendant Police Officers arrested the Plaintiff, Defendant Police Officer Jacob Newman and another one of the Defendant Police Officers brought the Plaintiff into the basement of Club Palenque [hereinafter referred to as the "Basement"].

37.   While in the basement, Defendant John Doe No. "1" struck the Plaintiff in and around his body.

38.   Defendant John Doe No. "1" striking the Plaintiff in the Basement was without reasonable nor probable cause, was unreasonable and unnecessary force and was otherwise without authorization under law.

39.   Defendant Police Officers dragged the Plaintiff out of the Basement and put him into the back of a NYPD patrol car.

40.   Defendant Police Officers drove the Plaintiff to the 46th Precinct at 2120 Ryer Avenue, Bronx, New York [hereinafter referred to as the "46th Precinct"].

41.   When the Defendant Police Officers dragged the Plaintiff out of the Police car when they arrived at the 46th Precinct, and threw him onto the pavement, face up, in front of the precinct building.

42.   While at the 46th Precinct, one or more of the Defendant Police Officers again struck and hit the Plaintiff in and around his body, causing the Plaintiff to bleed profusely, being dragged by Defendants to the bathroom and ultimately being rendered unconscious on the bathroom floor.

43.   Plaintiff partially regained consciousness in the bathroom at the 46th Precinct being attended to by two paramedics, at which time the Plaintiff observed his bloody face in a mirror.

44.   While in the bathroom at the 46th Precinct, Defendant Police Officer Newman told the Plaintiff not to tell the paramedics about his being beaten-up by the Defendant Police Officer Newman.

45.   The paramedics then removed the Plaintiff and placed him in an ambulance, where he was transported, while in handcuffs, to St. Barnabas Hospital on 4422 Third Avenue, Bronx, New York.

46.   The Plaintiff was taken in handcuffs into the Emergency Room at St. Barnabas Hospital.

47.    At the hospital, two of the Defendant Police Officers escorted the Plaintiff to St. Barnabas Hospital.

48.    At one point, the Plaintiff's left hand was handcuffed to a bed and his feet were handcuffed together.

49.    The Plaintiff remained at St. Barnabas Hospital for approximately 12-hours, and was then taken in handcuffs back to a police car and driven to the 46th Precinct.

50.    At the 46th Precinct, Defendant Police Officers put the Plaintiff in a jail cell, and Defendant Police Officer Newman took the Plaintiff's prints.

51.    Thereafter, the Plaintiff was taken to Bronx Central Booking.

52.    The Defendant Police Officers struck and hit the Plaintiff without reasonable nor probable case, and was otherwise excessive and unreasonable under the attendant circumstances.

53.    In connection with the individual Defendants' unlawful conduct, the Defendants prepared false/inaccurate police reports and forwarded these false reports to prosecutors in the Bronx County District Attorney's Office.

54.    As a result of Defendants conduct, the Plaintiff remained under arrest in police custody, and was not brought to Court to be arraigned until September 2, 2013.

55.    On September 1, 2013, Defendant P.O. Newman signed a Criminal Complaint for the Criminal Court of the City of New York, County of Bronx [hereinafter referred to as the "COMPLAINT"]. A true copy of the COMPLAINT is annexed hereto as **Exhibit "C"**.

56.    Defendant Newman charged the Plaintiff, by way of the Complaint with two (2) crimes and one (1) violations of the New York Penal Law.

57.    Defendant Newman charged the Plaintiff in the Complaint with the crimes of:

   a.    Resisting Arrest in violation of New York Penal Law Section 204.30; and,

   b.    Obstruction Governmental Administration in the Second Degree, in violation of New York Penal Law Section 195.05.

58.    Defendant Newman charged the Plaintiff in the Complaint with a violation:

   a.    Disorderly Conduct in violation of N.Y. Penal Law Section 240.20 (1).

59.   The Complaint was assigned docket number 2014BX050964 by the Criminal Court of the City of New York for Bronx County.

60.   On September 2, 2013, the Plaintiff was taken before a Judge of the Criminal Court of the City of New York for the County of Bronx, AR-4 and was released on his own recognizance. The criminal case against him was adjourned.

61.   At all times material herein, the Plaintiff maintained his innocence.

62.   At all times material herein, the Plaintiff did maintain his innocence of the charges against him.

63.   As a result of the foregoing Complaint, the Plaintiff was required to retain counsel to defend himself from the criminal charges made against him by the individual Defendant Police Officers.

64.   As a result of the foregoing Complaint, the Plaintiff was required to appear on numerous occasions in the Criminal Court of the City of New York for Bronx County.

65.   As a result of the foregoing Complaint, the Plaintiff was required to defend himself before the Criminal Court of the City of New York for Bronx County.

66.   That neither reasonable nor probable cause existed for the individual Defendant Police Officers to arrest the Plaintiff.

67.   That neither reasonable nor probable cause existed for the individual Defendant Police Officers to use any force against the Plaintiff.

68.   The individual Defendant Police Officers made statements and allegations against the Plaintiff with actual malice and utter disregard for the truth and the Plaintiff's rights under the Constitutions and laws of the United States and of the State of New York.

69.   The individual Defendant Police Officers made false and untruthful statements and allegations against the Plaintiff because they did not have probable or reasonable cause to believe the Plaintiff guilty of the crimes he was charged.

70.   The individual Defendant Police Officers conduct included, but not limited to the commission and subornation of perjury, to conceal from the Plaintiff and his counsel and from the Trial Court, the fact that the Defendant Police Officers had falsely accused the Plaintiff of the crimes he was charged.

71.     Upon information and belief, the individual Defendants Police Officers' conduct against the Plaintiff was a mere pretext to provide color to their conduct, including the arrest and use of physical force against the Plaintiff, Inocente Nava.

72.     The Plaintiff, Inocente Nava sustained emotional and physical injury as a direct result of the aforementioned conduct by the defendants, including, but not limited to discomfort, pain and suffering, mental anguish, fright, shock and other injuries.

73.     Defendant CITY and Bratton failed to properly train the Defendant Police Officers on proper police procedures, including how to communicate with civilians, how to conduct a stop, search and seizure, conducting warrantless seizures and arrests of individuals, the proper use of force during an arrest, the obligation and manner to provide truthful information in police reports as well as to act truthfully and honestly with the general public and not to threaten bodily harm.

74.     Neither reasonable nor probable cause existed for the Defendant Police Officers' conduct towards the Plaintiff herein.

75.     The Defendant Police Officers used excessive force against the Plaintiff, Inocente Nava without justification or cause.

76.     Upon information and belief, these acts were especially committed against the Plaintiffs due to his national origin.

77.     The Plaintiff, Inocente Nava sustained emotional and physical injury as a direct result of the aforementioned conduct by the Defendants, including, but not limited to discomfort, pain and suffering, mental anguish, fright, shock and other injuries.

### PLAINTIFF INOCENTE NAVA'S FIRST CLAIM FOR RELIEF
**(Violation of Civil Rights, 42 USC § 1983)**

78.     Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "77" with the same force and effect as if herein more fully set forth.

79.     All of the above Defendant Police Officers, by their foregoing acts, intentionally and willfully acted jointly and severally under color of law, statute, ordinance, regulations, customs and practice of the State of New York, to deprive the Plaintiff of his rights, privileges and immunities secured to him by the Constitutions and laws of the United States and New York.

80.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

81.     All of the aforementioned acts deprived the Plaintiff, of the rights and protections guaranteed by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the U.S. in violation of 42 U.S.C. § 1983.

82.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

83.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said Department.

84.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

85.     The acts complained of deprived the Plaintiff of his rights:

        a.      Not to have excessive force imposed upon him;
        b.      Not to have summary punishment imposed upon him;
        c.      To receive equal protection under the law.

86.     The foregoing violations of the Plaintiff's Constitutional rights were undertaken under color of law, statutes, regulations and Constitution.

87.     As a result of the foregoing conduct by Defendants herein, the Plaintiff has been damaged in an amount to be determined by this Court, but not less than TEN MILLION ($10,000,000.00) DOLLARS and punitive damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS as against the individual defendants.

### AS AND FOR A SECOND CLAIM FOR RELIEF
**(Excessive Force)**

88.     Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "77" and "79" to "87" with the same force and effect as if herein more fully set forth.

89.     The level of force employed by the Defendants was objectively unreasonable and in violation of the Plaintiff's Constitutional rights.

90.    As a result of the foregoing, the Plaintiff suffered significant bodily injuries, as well as a deprivation of liberty, invasion of privacy, severe emotional distress, public humiliation and violation of his constitutional rights.

91.    As a result of the foregoing conduct by Defendants herein, the Plaintiff has been damaged in an amount to be determined by this Court, but not less than TEN MILLION ($10,000,000.00) DOLLARS and punitive damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS as against the individual defendants.

### AS AND FOR A THIRD CLAIM FOR RELIEF
**(Municipal Liability)**

92.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "77", "79" to "87" and "89" to "91" with the same force and effect as if herein more fully set forth.

93.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

94.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD all under the supervision of ranking officers of said department.

95.    The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of the Plaintiff.

96.    The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD were the direct and proximate cause of the constitutional violations suffered by the Plaintiff as alleged herein.

97.    The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD were the moving force behind the constitutional violations suffered by the Plaintiff as alleged herein.

98.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and NYPD, the Plaintiff was subjected to unlawful and excessive force resulting in permanent and disabling injuries.

99.    The individual Defendant Police Officers, collectively and individually, while acting under color of State law, were directly and actively involved in violating the constitutional rights of the Plaintiff.

100.   The individual Defendant Police Officers, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate Police Officers, and were directly responsible for the violation of the Plaintiff's Constitutional rights.

101.   All of the foregoing acts by Defendant Police Officers deprived the Plaintiff, of Federally protected rights, including, but not limited to, the right:

   a.   Not to have excessive force imposed upon him;
   b.   Not to have summary punishment imposed upon him; and,
   c.   To receive equal protection under the law.

102.   As a result of the foregoing the Plaintiff sustained, *inter alia*, loss of liberty, emotional distress, embarrassment, humiliation, deprivation of his rights and is entitled to compensatory and punitive damages in an amount to be determined by trial, but not less than TEN MILLION ($10,000,000.00) DOLLARS.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
#### (Conspiracy to Violate Civil Rights)

103.   Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "77", "79" to "87", "89" to "91" and "93" to "102" with the same force and effect as if herein more fully set forth.

104.   The individual Defendant Police Officers conspired and acted in concert to do whatever was necessary to the Plaintiff to obscure their improper conduct.

105.   Throughout the period of the conspiracy, the individual Defendant Police Officers, pursued their objectives with actual malice toward plaintiff, with utter and deliberate indifference to and disregard for plaintiff's rights under the Constitution and laws of the United States.

106.   Pursuant to the conspiracy, the conspirators, and their employees, agents and servants, intentionally, recklessly, negligently, and/or with complete indifference to the rights of the Plaintiff.

107.   The aforesaid conduct of defendants operated to deprive the Plaintiff of important and well-established rights under the Constitution and the laws of the United States including, but not limited to, his rights to be free from unnecessary and excessive force.

108.   The foregoing violations of the Plaintiff's Constitutional rights by The individual Defendant Police Officers directly and proximately damaged the Plaintiff, 42 USC §§ 1985 and 1986.

-12-

109.   As a result of the foregoing conduct by Defendants herein, the Plaintiff has been damaged in an amount to be determined by this Court, but not less than TEN MILLION ($10,000,000.00) DOLLARS and punitive damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS as against the individual defendants.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
### (Supplemental State Claims Against Individual Defendants)

110.   Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "77", "79" to "87", "89" to "91", "93" to "102" and "104" to "109" with the same force and effect as if herein more fully set forth.

111.   The Plaintiff asserts Supplemental Jurisdiction over claims arising under New York law, 28 USC § 1367.

112.   The Supplemental claims fall within one or more of the exceptions as outlined in New York local law, C.P.L.R. § 1602.

113.   Defendant Police Officers' aforementioned actions placed the Plaintiff in apprehension of imminent harmful and offensive bodily contact.

114.   Defendant Police Officers further falsely arrested the Plaintiff, assaulted, battered, negligently and/or intentionally inflicted emotional distress upon the Plaintiff, abused process by making false charges against him and maliciously prosecuted him.

115.   As a result of Defendant Police Officers' conduct, the Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

116.   Defendant Police Officers touched and struck the Plaintiff in a harmful and offensive manner.

117.   The individual Defendant Police Officers did so without privilege or consent from the Plaintiff.

118.   As a result of the foregoing, the Plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment and humiliation, loss of liberty, and deprivation of his constitutional rights.

119.   As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages to be determined by the Court.

120.   As a result of the foregoing conduct by Defendants herein, the Plaintiff has been damaged in an amount to be determined by this Court, but not less than TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A SIXTH CLAIM FOR RELIEF
### (Supplemental State Claims Against Defendant City)

121.   Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "77", "79" to "87", "89" to "91", "93" to "102", "104" to "109" and "111" to "120" with the same force and effect as if herein more fully set forth.

122.   Defendant CITY, by its employees, agents, and/or servants were negligent, careless, and reckless in failing to properly and reasonably investigate any allegations made against the Plaintiff before assaulting, battering, arresting, and wrongfully detaining the Plaintiff.

123.   Defendant CITY, by its employees, agents, and/or servants were negligent, careless, and reckless, in arresting and detaining plaintiff without probable cause, using unnecessary force, and otherwise inflicting bodily injuries and emotional distress upon the Plaintiff without justification.

124.   Defendant CITY, by its employees, agents, and/or servants were negligent, careless, and reckless, in failing to protect plaintiff from violent and dangerous police officers at the 46th Precinct.

125.   Defendant CITY, was otherwise negligent, careless, and reckless with regard to their use of police powers for wrongful purposes and inflicting physical and emotional damages upon plaintiff without justification, privilege or probable or reasonable cause.

126.   Defendants CITY and NYPD were negligent, careless and reckless, in the hiring, supervision, and training of POLICE OFFICER JACOB NEWMAN and JOHN DOES Nos. "1" to "10."

127.   Defendants CITY and NYPD breached their duties to plaintiff by hiring unqualified Officers, by failing to properly train them in Constitutional police procedures, by failing to train them in proper investigation and arrest procedures, by failing to supervise their conduct, and otherwise allowing the Defendant Police Officers to use their power and authority as NYPD Police Officers in a wrongful, illegal, oppressive, violent, and unconstitutional manner.

128.   Defendants CITY and NYPD were further negligent in the hiring, training, retention of Defendant Police Officers.

129.    Defendants CITY and NYPD were further responsible and liable as the employers of the Defendant Police Officers who were otherwise employed and acting as employees of Defendants CITY and NYPD.

130.    As a result of the foregoing conduct by Defendants herein, the Plaintiff has been damaged in an amount to be determined by this Court, but not less than TEN MILLION ($10,000,000.00) DOLLARS.

WHEREFORE, Plaintiff respectfully prays this Court for a judgment as follows:

A)      TEN MILLION ($10,000,000.00) DOLLARS on the First, Second, Third, Fourth, Fifth and Sixth Claims for Relief as compensatory damages as against Defendants CITY, NYPD, Police Officer Newman and Police Officers John Doe Nos. "1" through "10", and that said judgment be jointly and severally on behalf of the Plaintiff, Inocente Nava.

B)      FIVE MILLION ($5,000,000.00) DOLLARS on the First, Second and Fourth Claims for Relief as punitive damages against Defendants Police Officer Newman John Doe Nos. "1" through "10", jointly and severally on behalf of the Plaintiff, Inocente Nava.

C)      Reasonable attorneys fees pursuant to 42 U.S.C. § 1988 in an amount to be determined by this Court;

as well as costs, fees disbursements.

Dated: New York, N.Y.
        November 25, 2014

                        Yours, etc.,
                        RIMLAND & ASSOCIATES

                        By: Matthew A. Kaufman - (MK 0598)
                        Attorney for Plaintiff
                        225 Broadway - Suite 1606
                        New York, N.Y. 10007
                        Tel. No. (212) 619-2200
                        MAK File No.        15,220.303

# EXHIBIT "A"

THE CITY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**In the Matter of the Claim of**
INOCENTE NAVA,

                            Claimants,                 <u>VERIFIED NOTICE OF CLAIM</u>

               -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER JACOB
NEWMAN.(A Member of the New York City Police
Department, Shield No. 019914), JOHN DOES Nos.
"1" to "10" (Actual Names Unknown, intended to be the
Police Officers Assigned to the 46th Precinct on September 1,
2013 Who Were Engaged in the Arrest of the Claimant),
                                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

TO:    **THE COMPTROLLER OF THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER JACOB NEWMAN (A Member of
the New York City Police Department, Shield No. 019914) and POLICE OFFICERS
JOHN DOES Nos. "1" to "10":**

**PLEASE TAKE NOTICE,**

    **THAT,** the undersigned Claimant, INOCENTE NOVA hereby makes claim against:

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT,
POLICE OFFICER JACOB NEWMAN (A Member of the New York City Police
Department, Shield No. 019914) and POLICE OFFICERS JOHN DOES Nos. "1" to "10"
(Actual Names Unknown, intended to be the Police Officers Assigned to the 46th Precinct
on September 1, 2013 Who Were Engaged in the Arrest of the Claimant)

1.    **Name and post-office address of the claimants and their attorneys are as follows:**

INOCENTE NAVA                RIMLAND & ASSOCIATES
568 West 193rd Street             Attorney for Claimant
New York, N.Y. 10040             225 Broadway - Suite 1606
                                   New York, N.Y. 10007
                                   Tel. No.     (212) 374-0680

2013 NOV 12 PM 3:02
CITY OF N.Y. LAW DEPT.
OFFICE OF CORP. COUNSEL

-1-

2.  **Nature of the Claim:**

Claim for violation of civil rights and personal injuries sustained by the Claimant, INOCENTE NAVA arising on September 1, 2013 at approximately 2:14 a.m. as a result of Respondents wrongful conduct, through their agents, servants and employees. Said conduct includes the wrongful arrest, seizure, assault, battery and excessive force used by the Respondent Police Officers while in the employ and service of Respondent City. Said wrongful conduct further includes false arrest, false imprisonment, malicious prosecution, abuse of process, as well as assault and battery.

Respondent City, through its agents, servants and/or employees, then forcibly compelled the Claimant to go 46th Precinct after he received treatment for the medical injuries which they inflicted on him.

Respondent City employees, agents and/or servants all acted as police officers within the employ of Respondent City under color of law, and in wanton and reckless disregard of the Claimant's Constitutional and Civil rights, including the freedom from unlawful searches and seizures as well as freedom from excessive force, as guaranteed by the Constitution of the State of New York and the United States Constitution. Respondent Officers knew, or should have known that the Claimant was not the perpetrator of any crimes alleged against him, and they conspired to deprive the infant Claimant of his Civil and Constitutional rights in order to cover-up their own improper conduct. Respondents, through their employees, agents and/or servants, in furtherance of their conspiracy to deprive the Claimant of his Civil Rights, agreed and conspired to give false evidence against him, resulting in him being brought to Court and arraigned and falsely charged with crimes which he did not commit and Respondents knew or should have known that he did not commit. That said charges were made in order to cover-up the conduct of the Police Officers' conduct.

Respondents CITY failed to properly train Police Officers JACOB NEWMAN and John Does Numbers "1" to "10" on proper police procedures, including how to handle warrantless arrests of individuals, conducting of show-ups, the proper use of force during an arrest, the obligation and manner to provide truthful information in police reports.

Respondents further committed malicious prosecution, constitutional malicious prosecution and abuse of process by the filing of the false criminal complaint against him in the Criminal Court of the City of New York, Bronx County bearing Docket No. 2013BX050964, **Exhibit "A"**.

3.  **The time when, the place where and the manner in which the claim arose were as follows:**

The Claim arose September 1, 2013 at approximately 2:14 a.m. the Claimant was on near 1880 Carter Avenue, Bronx, New York. At the time and location, the Claimant, INOCENTE NAVA was singled out and attacked by Respondents resulting in his being arrested, assaulted, battered and used excessive force against the Claimant, INOCENTE NAVA, causing him to sustain grievous and serious, permanent physical injuries.

-2-

The individual Respondent Police Officers further violated the Claimants rights by maliciously prosecuting the Claimant, INOCENTE NAVA with crimes that they knew or should have known, that he did not commit, in order to cover-up their conduct.

4.   **The items of damage or injuries claimed are (including dollar amounts):**

The Claimant, INOCENTE NAVA suffered injuries to his head, lacerations to head, trauma to head, brain concussion, post traumatic brain injury, injury to foot, injury to extremities, emotional injury, psychological injury, as well as other injuries. Injury also to reputation.

**TOTAL AMOUNT CLAIMED:**

> **COMPENSATORY**
> **INOCENTE NAVA**          **TEN MILLION ($10,000,000.00) DOLLARS**

> **PUNITIVE DAMAGES** [AGAINST INDIVIDUAL POLICE OFFICERS]
> **INOCENTE NAVA**          **TEN MILLION ($10,000,000.00) DOLLARS**

Dated: New York, New York
       November 11, 2013

> Yours, etc.,
> RIMLAND & ASSOCIATES
>
> By:    Edward Rimland, Esq.
> Attorney for Claimant
> 225 Broadway - Suite 1606
> New York, N.Y. 10007
> Tel. No.    (212) 374-0680
> File No.    15,220.303

**EXHIBIT "A" to Exhibit "A"**

2013BX050964

CRIMINAL COURT OF THE CITY OF NEW YORK
BRONX COUNTY

THE PEOPLE OF THE STATE OF NEW YORK

v.

STATE OF NEW YORK

COUNTY OF THE BRONX

1.   INOCENTE NAVA M/35
      Arrest# B13660767

Defendant

PO JACOB NEWMAN of 46 PCT, Shield# 019914, states that on or about
September 1, 2013 at approximately 2:14 AM at 1880 Carter Avenue, County of the
Bronx, State of New York,

THE DEFENDANT COMMITTED THE OFFENSES OF:
1 (M) P.L. 205.30        Resisting Arrest DQO
2 (M) P.L. 195.05        Obstructing Governmental Administration 2^
                         DQO
3 (V) P.L. 240.20(1)     Disorderly Conduct

IN THAT THE DEFENDANT DID: intentionally prevent or attempt to prevent a peace
officer or police officer from effecting an authorized arrest of himself or
another person; intentionally obstruct, impair or pervert the administration of
law or other governmental function or prevent or attempted to prevent a public
servant from performing an official function, by means of intimidation, physical
force or interference, or by means of an independently unlawful act, or by means
of interfering, whether or not physical force was involved, with radio,
telephone, television or other telecommunications sustains owned or operated by
the state, or a county, city, town, village, fire district or emergency medical
service or by means of releasing a dangerous animal under circumstances evincing
the actor's intent that the animal obstruct governmental administration. and
with the intent to cause public inconvenience, annoyance or alarm or recklessly
creating a risk thereof, engage in fighting, or in violent, tumultuous or
threatening behavior.

THE GROUNDS FOR THE DEPONENT'S BELIEF ARE AS FOLLOWS:

Deponent states that, at the above time and place, he a private event space,
he observed defendant and a crowd of approximately one hundred fifty (150)
standing inside the location refusing to leave. Deponent further states that he
approached the defendant and others, while dressed in police uniform and ordered
them to disperse and defendant failed to comply and defendant stated in sum and
substance FUCK YOU. I'M NOT LEAVING. Deponent further states, that defendant
then placed both hands on deponent and pushed.

Deponent further states that defendant's actions obstructed him from
performing an official function to protect the public and preserve the peace, in
that he could not respond to the scene of a public disturbance.



002202569

Page 1 of 2

Deponent further states, that upon attempting to arrest defendant for the aforementioned conduct, defendant flailed his arms, and twisted and threw his body, refusing to be handcuffed.

FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE
AS A CLASS A MISDEMEANOR PURSUANT TO P.L. 210.45

9/1/13        1725
DATE and TIME                              SIGNATURE

002202569

Page 2 of 2

Fax:                              Sep  1 2013 05:25pm  P002/002

# VERIFICATION

STATE OF NEW YORK          )
                           : SS.:
COUNTY OF   New York       )

**INOCENTE NAVA**, being duly sworn, depose and say:

I am the Claimant herein, I have read the foregoing Claim and know the contents thereof; and the same are true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

INOCENTE NAVA

Sworn to before me the

11 day of November 2013

Notary Public

EDWARD RIMLAND
NOTARY PUBLIC, State of New York
No. 02RI4760540
Qualified in Nassau County
Commission Expires July 7, 2014

# EXHIBIT "B"

11/25/2014  13:00     212-669-8811                    NYC COMPTROLLER

11/24/14 03:30PM EST RIMLAND & ASSOCIATES -> Carolyn                    ____PAGE  01/01
2/2

11/24/2014  16:21    212-669-8811                   NYC COMPTROLLER              PAGE  02/02

IN THE MATTER OF THE CLAIM OF

                                                              STIPULATION

        I NOCENTE NAVA                            Claim # 2013 P I029326

                    against

THE CITY OF NEW YORK,
------------------------------------------X

IT IS HEREBY STIPULATED AND AGREED by the attorney for the above named claimant(s) and the
Comptroller of the City of New York that:

1)      The examination pursuant to General Municipal Law Section 50-h (hereinafter "50-h") of the
above named claimant(s) currently scheduled for  10-29-14  is hereby adjourned at the
claimant's request. In particular, the claimant alleges that he/she is unable to attend the hearing due to

        CRIMINAL Charges Pending

2)      Claimant shall be responsible for notifying the City of New York (hereinafter "City"), by
certified or registered mail, return receipt requested within thirty (30) days after the claimant has become
available to appear and give testimony at said hearing. The notification shall be sent to the Office of the
Comptroller of the City, Bureau of Law and Adjustment, 1 Centre Street - 12th Floor, New York, NY
10007. A copy of this stipulation must be attached to the notification. Upon receipt of the notification,
the City shall have ninety (90) days in which to schedule the hearing.

3)      Claimant may commence an action against the City on the above claim within the applicable
statute of limitations prior to the City conducting a hearing or physical examination of claimant pursuant
to 50-h.

4)      If claimant commences an action against the City, and/or any of its agents, servants or employees
claimant(s)/plaintiff(s) shall make no discovery demands, issue shall not be joined, and the defendant(s)
time to serve an answer shall extend until 30 days after proper notification has been made as set forth
below that the examination(s) pursuant to 50-h is/are completed.

5)      Proper notification that the examination(s) pursuant to 50-h is/are completed must be made by
either certified or registered mail return receipt requested or hand delivery addressed to the Office of the
Corporation Counsel, 100 Church Street, New York, NY 10007, Attention Deputy Chief of the Early
Intervention Unit. The notification must include a copy of this signed stipulation and a notarized copy of
the hearing transcript with corrections, if any, and a cover letter requesting that an answer be served.

6)      Nothing herein shall be construed as a waiver of the City's rights pursuant to 50-h.

Dated: New York, NY

November 25, 2014

BY: _____                    _____
        For the City                          Attorney for Claimant/Plaintiff

                                         _____
                                         Attorney Firm  Rimland & Assoc. by Thomas Alaskan

# EXHIBIT "C"

2013BX050964

CRIMINAL COURT OF THE CITY OF NEW YORK
BRONX COUNTY

THE PEOPLE OF THE STATE OF NEW YORK

    v.

1.   INOCENTE NAVA M/35
    Arrest# B13660767


               Defendant

STATE OF NEW YORK

COUNTY OF THE BRONX

PO JACOB NEWMAN of 46 PCT, Shield# 019914, states that on or about
September 1, 2013 at approximately 2:14 AM at 1880 Carter Avenue, County of the
Bronx, State of New York,

THE DEFENDANT COMMITTED THE OFFENSES OF:
1 (M) P.L. 205.30         Resisting Arrest DQO
2 (M) P.L. 195.05         Obstructing Governmental Administration 2^
                     DQO
3 (V) P.L. 240.20(1)     Disorderly Conduct

IN THAT THE DEFENDANT DID: intentionally prevent or attempt to prevent a peace
officer or police officer from effecting an authorized arrest of himself or
another person; intentionally obstruct, impair or pervert the administration of
law or other governmental function or prevent or attempted to prevent a public
servant from performing an official function, by means of intimidation, physical
force or interference, or by means of an independently unlawful act, or by means
of interfering, whether or not physical force was involved, with radio,
telephone, television or other telecommunications sustains owned or operated by
the state, or a county, city, town, village, fire district or emergency medical
service or by means of releasing a dangerous animal under circumstances evincing
the actor's intent that the animal obstruct governmental administration. and
with the intent to cause public inconvenience, annoyance or alarm or recklessly
creating a risk thereof, engage in fighting, or in violent, tumultuous or
threatening behavior.

THE GROUNDS FOR THE DEPONENT'S BELIEF ARE AS FOLLOWS:

Deponent states that, at the above time and place, he a private event space,
he observed defendant and a crowd of approximately one hundred fifty (150)
standing inside the location refusing to leave. Deponent further states that he
approached the defendant and others, while dressed in police uniform and ordered
them to disperse and defendant failed to comply and defendant stated in sum and
substance FUCK YOU. I'M NOT LEAVING. Deponent further states, that defendant
then placed both hands on deponent and pushed.

Deponent further states that defendant's actions obstructed him from
performing an official function to protect the public and preserve the peace, in
that he could not respond to the scene of a public disturbance.

Deponent further states, that upon attempting to arrest defendant for the aforementioned conduct, defendant flailed his arms, and twisted and threw his body, refusing to be handcuffed.

FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE
AS A CLASS A MISDEMEANOR PURSUANT TO P.L. 210.45

9/1/13    1725
DATE and TIME                          SIGNATURE

Docket No.
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**INOCENTE NAVA,**

**Plaintiff,**

-against-

**THE CITY OF NEW YORK,** *et al.,*

**Defendants.**

# COMPLAINT

### RIMLAND & ASSOCIATES
Attorney Plaintiff
225 Broadway - Suite 1606
New York, New York 10007
Tel. No. (212) 374-0680
File No.          15,220.303